# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES WYMER,**

    **Plaintiff,**

v.      Case No: 6:13-cv-1521-Orl-28DAB

**STATE OF FLORIDA,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** Motion for Leave to Proceed in forma pauperis (Doc. No. 2)
>
> **FILED:** October 2, 2013
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

In reviewing an application to proceed *in forma pauperis*, the Court may dismiss the case or refuse to permit it to continue without payment of fees "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(a).

In this action, Plaintiff is apparently complaining that a state court judge appointed a public defender for him without his permission. Doc. 1. He also complains about that he was refused a bond and detained for 24 days in Case No. 2010CF632A0, which is apparently still "going on with no end in sight." Doc. 1. He was also placed in a state hospital "trying to make [him] crazy" and making him take medication. Doc. 1. The relief he requests is: "I need the court to conform or defend to the court that the Constitution is correct." Doc. 1 at 4.

In Exhibits provided by Plaintiff, an Arrest Affidavit from June 1, 2010 reports that he was arrested for assaulting an officer with a deadly weapon without intent to kill, and resisting arrest with violence; Plaintiff threatened his roommate with a knife, saying "he was God" and "there was a demon in the house," until officers arrived and tasered him before arresting him. Doc. 1, Ex. One of the documents is a Notice of a Plea Hearing set for October 14, 2013. There is also a "Notice of Prior Convictions and Criminal History" attached.

To the extent that Plaintiff seeks to have this Court intervene in an *ongoing* state criminal case, which this appears to be, the Court does not have jurisdiction to intervene in ongoing criminal matters. To the extent Plaintiff seeks to have this Court review or reverse decisions in the state court, the United States District Court "has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]." *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923). Nor, under the *Rooker-Feldman* doctrine, may a federal court "decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment." *See Datz v. Kilgore*, 51 F.3d 252, 253 (11th Cir. 1995) (quoting *Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988) ("[a federal district court] may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment").

Plaintiff's Complaint appears to be a request for this Court to intervene in state criminal matters to make the state court "conform . . .to the Constitution." Doc. 1 at 4. This Court does not have jurisdiction to intervene in state criminal cases. It is **RECOMMENDED** that Plaintiff's application to proceed in forma pauperis be denied and that the Complaint be **DISMISSED for lack of jurisdiction** within 14 days of any Order adopting or approving this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 4, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy